UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **KATHLEEN MOONEY,**<br>**Individually and on behalf of all others**<br>**similarly situated,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**FRESENIUS MEDICAL CARE**<br>**HOLDINGS, INC., and FRESENIUS**<br>**HEALTH PARTNERS, INC.,**<br><br>          **Defendants.** | **Case No. _____**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO**<br>**FED.  R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Kathleen Mooney brings this action individually and on behalf of all current and former hourly patient-facing care providers, who were subject to an automatic meal break pay deduction (collectively "Plaintiff and the Putative Collective/Class Members"), and who worked for Fresenius Medical Care Holdings, Inc. and Fresenius Health Partners, Inc. (collectively "Defendants")—anywhere in the United States, at any time from December 1, 2019 through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time pursuant to South Carolina Payment of Wages Act ("SCPWA" or "South Carolina Act"), S.C. CODE ANN. §§ 41-10-10–41-10-110.

## I.
## OVERVIEW

1.     This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant

to the state laws of South Carolina, and FED. R. CIV. P. 23, to recover unpaid straight time wages and other applicable penalties.

2.      Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Defendants at any time from December 1, 2019, through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.      Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5.      During the relevant time period, Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6.      Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed (and continue to perform) compensable work "off the clock" through their respective meal-period breaks.

7.      The effect of Defendants' practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Defendants have failed to properly compensate Plaintiff and the Putative Collective/Class Members

for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and the South Carolina Act.

8.      Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the South Carolina Act.

9.      Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and overtime compensation and other damages owed under the South Carolina Act as a class action pursuant to FED. R. CIV. P. 23.

10.      Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11.      Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Mooney designated as the Class Representative of the South Carolina Class.

## II.
## THE PARTIES

12.      Plaintiff Kathleen Mooney ("Mooney") was employed by Defendants in South Carolina during the relevant time period. Plaintiff Mooney did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13.      The FLSA Collective Members are those current and former hourly patient-facing care providers who were employed by Defendants at any time from December 1, 2019, through the final

---

[1] The written consent of Kathleen Mooney is attached hereto as Exhibit "A."

disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mooney worked and was paid.

14.     The South Carolina Class Members are those current and former hourly patient-facing care providers who were employed by Defendants in South Carolina, at any time from December 1, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mooney worked and was paid.

15.     Defendant Fresenius Medical Care Holdings, Inc. ("Fresenius Holdings") is a foreign for-profit corporation, licensed to and doing business in the State of Massachusetts, with its corporate headquarters and principal place of business located at 920 Winter Street, Waltham, MA.  According to records maintained by the Massachusetts Secretary of State Fresenius Holdings may be served through its registered agent for service of process: **C T Corporation System, 155 Federal Street, STE 700, Boston, Massachusetts 02110.**

16.     Defendant Fresenius Health Partners, Inc. ("Fresenius Health") is a foreign for-profit corporation, licensed to and doing business in the State of Massachusetts, with its corporate headquarters and principal place of business located at 920 Winter Street, Waltham, MA.  According to records maintained by the Massachusetts Secretary of State Fresenius Healthmay be served through its registered agent for service of process: **C T Corporation System, 155 Federal Street, STE 700, Boston, Massachusetts 02110.**

17.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Collective/Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment of the Plaintiff and the Putative Collective/Class Members for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

18.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19.     This Court has supplemental jurisdiction over the additional South Carolina state law claims pursuant to 28 U.S.C. § 1367.

20.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

21.     This Court has general personal jurisdiction over Defendants because Massachusetts qualifies as their home state.

22.     Venue is proper pursuant to 28 U.S.C. § 1391 in the District of Massachusetts because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

23.     Additionally, Defendants' corporate headquarters are in Waltham, Massachusetts, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

24.     Defendant Fresenius Holdings is one of the world's largest dialysis care providers and kidney care specialists.[2]

25.     Defendant Fresenius Holdings is the primary corporate parent for its subsidiaries which each operate other segments of Defendant Fresenius Holdings' business.

---

[2] https://fmcna.com/company/our-company/timeline/.

26.     Defendant Fresenius Health manages Defendant Fresenius Holdings' direct patient care business through clinics and dialysis centers which provide medical treatment and diagnostics to their customers.[3]

27.     To provide their services, Defendants employed (and continue to employ) numerous hourly patient-facing care providers—including Plaintiff and the individuals that make up the putative collective and class.

28.     Plaintiff and the Putative Collective/Class Members were employed by Defendants as non-exempt, patient-facing care providers who had a meal break automatically deducted from their daily time.

29.     Plaintiff and the Putative Collective/Class Members job titles include (but are not limited to): Nurse Aide, Certified Medical Assistant, Registered Nurse, Certified Nurse Assistant, and Licensed Practical Nurse.

30.     Plaintiff and the Putative Collective/Class Members' job duties include assisting with treatments ordered by doctors, assisting medical professionals, interviewing patients, measuring vital signs, recording patient information, assessing patients, answering phones, checking on patients, answering patient questions, and more generally providing direct care for Defendants' patients.

31.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout Defendants' facilities.

### Defendants Are Joint Employers Under the FLSA

32.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

33.     Defendants are integrated companies that share customers, properties, employees, and all other assets.

---

[3] https://fmcna.com/patient-care/.

34.     Defendant Fresenius Holdings is the ultimate legal parent of Defendant Fresenius Health.

35.     Defendant Fresenius Holdings has the power to hire and fire any and all of Fresenius Health's employees.

36.     Defendant Fresenius Holdings supervises and controls all of Defendant Fresenius Health's employees' work schedules and conditions of employment.

37.     Defendant Fresenius Holdings determines the rate and method of payment for all employees working under Fresenius Health.

38.     On information and belief, Defendant Fresenius Holdings made the decision for its subsidiaries and affiliates—including but not limited to Defendant Fresenius Health—to apply the automatic meal break deduction to the wages of the Plaintiff and Putative Collective Members.

39.     Defendant Fresenius Holdings maintains employment records for the direct employees of Defendant Fresenius Health.

40.     Specifically, Fresenius Holdings controls the HR Department which maintains all the employment records for all of Fresenius Health's employees.

41.     Defendant Fresenius Holdings manages key internal relationships to Defendants— that is, Defendant Fresenius Holdings directs the financials of all of its subsidiaries including but not limited to Fresenius Health and controls the pay, hours and schedules of Plaintiff and the Putative Collective Members.

42.     Moreover, all Defendants have (or had) the power to hire and fire Plaintiff and the Putative Collective Members; supervise and control Plaintiff and the Putative Collective Members' work schedules and conditions of their employment; determine their rate and method of payment, and jointly maintain their employment records.

43.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all the applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

44.     Plaintiff Mooney was employed by Defendants as a Registered Nurse in Myrtle Beach, South Carolina from approximately July of 2015 to November of 2021.

45.     Plaintiff and the Putative Collective Members are non-exempt employees that were (and continue to be) paid by the hour.

46.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

47.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies (and practices) of Defendants resulting in the complained of FLSA and South Carolina state law violations.

48.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all provide patient-facing healthcare services on behalf of Defendants.

49.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and have at least a 30-minute meal break deducted automatically.

50.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Defendants resulting in the complained of FLSA and South Carolina state law violations.

51.     Plaintiff and the Putative Collective/Class Members were typically scheduled to work three (3) or four (4) shifts a week, which equates to thirty-six (36) or forty-eight (48) hours per week—these are referred to as "on-the-clock" hours.

52.     In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between one- and one-half to two hours "off-the-clock" per week and have not been compensated for that time.

53.     Defendants have a policy to automatically deduct one 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

54.     Specifically, non-exempt employees, such as Plaintiff and the Putative Collective/Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift.

55.     Despite automatically deducting thirty minutes of time from Plaintiff and the Putative Collective/Class Members' daily time, Defendants did not completely relieve Plaintiff and the Putative Collective/Class Members from duty during their shift for the purposes of taking their meal break(s).

56.     Defendants' policies require Plaintiff and the Putative Collective/Class Members to assist patients whenever a patient requests or needs assistance, even if on an unpaid meal break.

57.     Plaintiff and the Putative Collective/Class Members are prohibited from ignoring patients in need of help pursuant to Defendants' policies.

58.     Plaintiff and the Putative Collective/Class Members are required to perform duties, whether active or inactive, during all hours of their shift.

59.     Due to these requirements, Plaintiff and the Putative Collective/Class Members are frequently unable to receive sufficient time to have an uninterrupted meal break due to their constant patient calls and duties.

60.     Defendants were (and continue to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the South Carolina Act.

61.     Defendants' systematic deduction of 30 minutes each day from Plaintiff and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the South Carolina Act.

62.     Specifically, when Plaintiff and Putative Collective/Class Members worked three (3) twelve-hour shifts in a week and did not receive a meal break during any shift, Defendants' deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half hours of compensable straight time work.

63.     When Plaintiff and the Putative Collective/Class Members worked four (4) twelve-hour shifts in a week and did not receive a meal break during any shift, Defendants' deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours of compensable overtime work.

64.     As a result of Defendants' failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the South Carolina Act.

65.     Defendants knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

66.     Defendants knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

67.     Defendants knew or should have known that automatically deducting thirty minutes for a meal break, while it simultaneously caused and required Plaintiff and the Putative

Collective/Class Members to perform necessary during that meal break while "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

68.     Because Defendants did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA.

69.     Because Defendants did not pay Plaintiff and the Putative Collective/Class Members for all straight time hours worked, Defendants' pay policies and practices violated (and continue to violate) the South Carolina Act.

70.     Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to the South Carolina Acts.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

71.     The preceding paragraphs are incorporated as though fully set forth herein.

72.     The "FLSA Collective" is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR FRESENIUS MEDICAL CARE HOLDINGS, INC. AND FRESENIUS HEALTH PARTNERS, INC., AT ANY TIME FROM DECEMBER 1, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

73.     At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

74.     At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

75.     At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

76.     Specifically, Defendants operates numerous health care facilities throughout the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

77.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

78.     In performing work for Defendants, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

79.     Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Defendants' customers and employees throughout the United States. 29 U.S.C. § 203(j).

80.     At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

81.     The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 72.

82.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

83.     Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

84.     Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

85.     Defendants knew or should have known their pay practices were in violation of the FLSA.

86.     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

87.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

88.     The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and was not reasonable nor in good faith.

89.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

90.     All previous paragraphs are incorporated as though fully set forth herein.

91.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Defendants' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

92.     Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

93.     The FLSA Collective Members are defined in Paragraph 72.

94.     Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

95.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

96.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

97.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

98.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

99.     Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Defendants will retain the proceeds of their violations.

100.    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

101.    Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 72.

**SECOND CAUSE OF ACTION**
**(Class Action Alleging Violations of the South Carolina Act)**

**A.     SOUTH CAROLINA ACT COVERAGE**

102.    Paragraphs 1-101 are incorporated as though filly set forth herein.

103.    The South Carolina Class is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR FRESENIUS MEDICAL CARE HOLDINGS, INC., AND FRESENIUS HEALTH PARTNERS, INC., IN THE STATE OF SOUTH CAROLINA AT ANY TIME FROM DECEMBER 1, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("South Carolina Class" or "South Carolina Class Members").**

104.    At all times hereinafter mentioned, Defendants have been "employers" as defined by the SCPWA. S.C. CODE ANN. § 41-10-10(1), because they employ individuals in the State of South Carolina.

105.     At all times hereinafter mentioned, Defendants have employed, and/or continue to employ, Plaintiff Mooney and the South Carolina Class Members within the meaning of the South Carolina Payment of Wages Act, S.C. CODE ANN. §§ 41-10-10 to 110.

106.     Plaintiff Mooney and the South Carolina Class Members are "employees" within the meaning of the SCPWA and are not free from the control and direction of Defendants.

107.     Defendants—the "employers"—are not exempt from paying overtime benefits under the South Carolina Act.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE SOUTH CAROLINA ACT**

108.     All previous paragraphs are incorporated as though fully set forth herein.

109.     Defendants owe Plaintiff Mooney and the South Carolina Class Members "wages," as defined in the South Carolina Act, to compensate them for labor rendered to Defendants. *See* S.C. CODE ANN. § 41-10-10(2).

110.     The South Carolina Act requires employers, like Defendants, to "notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment" and the "employer shall furnish each employee with an itemized statement showing his gross pay and the deductions made from his wages for each pay period." S.C. CODE. ANN. § 41-10-40(C).

111.     The South Carolina Act also provides employers, like Defendants, "shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law." S.C. CODE. ANN. § 41-10-40(C).

112.     Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective."  S.C. CODE. ANN. § 41-10-30(A).

113.     In violation of the South Carolina Act, Defendants willfully failed to provide Plaintiff Mooney and the other South Carolina Class Members, at the time of their hiring, proper notice of the

normal hours and wages agreed upon and the time and place of payment, nor did Defendants provide them with compliant wage statements for each of their pay periods as required by law.

114. Defendants also willfully failed to pay Plaintiff Mooney and the South Carolina Class Members all compensation for "wages" due and owing to them, in violation of the South Carolina Act. *See* S.C. CODE. ANN. § 41-10-10(2).

115. Additionally, Defendants failed to provide Plaintiff Mooney and the South Carolina Class Members with at least seven days' advance written notice of the deductions or the amounts of the deductions that it made to their paychecks.

116. Defendants have withheld wages of Plaintiff Mooney and the South Carolina Class Members without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

117. In violating the South Carolina Act, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable South Carolina law.

118. As a direct and proximate result of Defendants' willful conduct, Plaintiff Mooney and the South Carolina Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including monetary damages in the amount of three (3) times the amount of their unpaid wages as well as costs and reasonable attorneys' fees pursuant to the South Carolina Act. S.C. CODE. ANN. § 41-10-80. Defendants are in possession and control of necessary documents and information from which Plaintiff Mooney would be able to precisely calculate damages.

119. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the South Carolina Act, is defined in Paragraph 103.

120. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

---

**C.      SOUTH CAROLINA CLASS ALLEGATIONS**

121.    Plaintiff Mooney and the South Carolina Class Members brings their South Carolina Act claim as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Defendants to work in South Carolina since December 1, 2019.

122.    Class action treatment of Plaintiff Mooney and the South Carolina Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

123.    The number of South Carolina Class Members is so numerous that joinder of all class members is impracticable.

124.    Plaintiff Mooney's South Carolina state-law claims share common questions of law and fact with the claims of the South Carolina Class Members.

125.    Plaintiff Mooney is a member of the South Carolina Class, her claims are typical of the claims of other South Carolina Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other South Carolina Class Members.

126.    Plaintiff Mooney and her counsel will fairly and adequately represent the South Carolina Class Members and their interests.

127.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

128.    Accordingly, the South Carolina Class should be certified as defined in Paragraph 103.

**VI.**
**RELIEF SOUGHT**

129.    Plaintiff Mooney respectfully prays for judgment against Defendants as follows:

        a.      For an Order certifying the FLSA Collective as defined in ¶ 72;

---

b.      For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to § 16(b) of the FLSA finding Defendants liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order certifying the South Carolina Class as defined in ¶ 103, and designating Plaintiff Mooney as Representative of the South Carolina Class;

e.      For an Order pursuant to the South Carolina state law awarding Plaintiff Mooney and the South Carolina Class Members damages for unpaid wages and all other damages allowed by law;

f.      For an Order awarding the costs of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiff Mooney a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense, should discovery prove inadequate; and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   December 1, 2022

Respectfully submitted,

*s/ Philip J. Gordon*
**Philip J. Gordon**
Mass. BBO# 630989
**Kristen M. Hurley**
Mass. BBO# 658237
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116
Telephone: 617-536-1800
Facsimile: 617-536-1802
pgordon@gordonllp.com
khurley@gordonllp.com

*and*
*s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
(pending *pro hac vice*)
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
(pending *pro hac vice*)
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and Putative*
*Collective/Class Members*

# EXHIBIT A

## <u>CONSENT TO JOIN WAGE CLAIM</u>

Print Name: <u>kathleen mooney</u>

1. I hereby consent to participate in a collective action lawsuit against **FRESENIUS MEDICAL CARE AG & CO. KGAA** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: kathleen mooney (Jul 25, 2022 17:58 EDT)